IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Carmen Carter, | : | |
| | : | |
| Plaintiff(s), | : | |
| | : | Case Number: 1:07cv159 |
| vs. | : | |
| | : | District Judge Susan J. Dlott |
| Cincinnati Post, et al., | : | |
| | : | ORDER GRANTING MOTION |
| Defendant(s). | : | TO DISMISS |

This matter coming before the Court on Defendants The E.W. Scripps Company and The

Cincinnati Post's Motion to Dismiss (Doc. 3), the Court having considered the Motion and all

other pleadings and papers relating thereto, the Court hereby GRANTS Defendants' Motion to

Dismiss.

## I. **FACTUAL BACKGROUND**

According to Plaintiff's Complaint, she is a former employee of the E.W. Scripps

Company, d/b/a The Cincinnati Post (collectively, "The Post").  Complaint, at ¶ 1.  She also

claims to have been represented by The Cincinnati Newspaper Guild ("Guild") during her

employment with The Post.  *Id.*  at ¶¶ 4, 8.

Plaintiff further alleges to be a third party-beneficiary to a collective bargaining

agreement ("CBA") between The Post and the Union concerning her pension benefits.  *Id.* at

¶¶ 2, 3, 12.  Plaintiff alleges that The Post breached the CBA by refusing to credit her for

service time at The Knoxville News Sentinel, a sister newspaper to The Post, also owned by

The E.W. Scripps Company, and thus, an entity referenced by the CBA.  *Id.* at ¶ 5, Exhibit A

to the Complaint.  Plaintiff also asserts a second cause of action against the Union for unfairly

representing her in connection with her breach of contract claim against The Post.  *Id.* at ¶ 14.

Plaintiff's Complaint reveals that she requested the Union to pursue the breach of contract claim against The Post on or about February 1, 1997.  *Id.* at ¶ 8.  Her Complaint acknowledges that on or about March 17, 1998, The Post and Plaintiff's Union entered into a settlement agreement concerning Plaintiff's pension benefits.  *Id.* at ¶ 12.  She complains that the Union breached its contract and unfairly represented her by entering into the settlement.  *Id.*  at ¶ 14.  However, Plaintiff does not dispute that her cause of action accrued on or about March 17, 1998, the date upon which The Post and the Union entered into the settlement agreement, which date was more than eight years before she filed this action on January 26, 2007.

## II.  LEGAL STANDARD

This Court must consider all of Plaintiff's factual allegations as true in deciding a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  *Martin v. Lake County Sewer Co., Inc.* 269 F.3d 673, 676 (6th Cir. 2001).

## III.  ANALYSIS

Plaintiff's Complaint is a "hybrid suit," governed by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, because she alleges breach of her Union's CBA with The Post and breach of the Union's duty of fair representation.  *See Vencl v. Int'l Union of Operating Eng'rs, Local* 18, 137 F.3d 420, 424 (6th Cir. 1998) (citation omitted).  " A litigant's decision to omit reference to Section 301 [in the Complaint] cannot serve to frustrate federal preemption and policies in the area of labor law."  *Samuels v. American Trust Corp.,* 588 F. Supp. 225, 227 (M.D. North Carolina, 1984) *quoting Glaziers, Glass Workers v. Florida Glass,* 409 F. Supp. 225, 227 (M.D. Fla. 1976); *see also DeCoe v. General Motors Corp.,* 32 F.3d 212,

216 (6th Cir. 1994).

Plaintiff's lawsuit must be dismissed unless she can show both that the Post breached the CBA and that the Union breached its duty of fair representation. *Vencl,* 137 F.3d at 424. If Plaintiff cannot establish breach by both The Post and the Union, she cannot succeed against any defendant. *Id; see also, Bagsby v. Lewis Bros. Of Tennessee,* 820 F.2d 799, 801 (6th Cir. 1987).

A six month statute of limitations applies to Plaintiff's hybrid § 301 action. *See Martin v. Lake County Sewer Co.,* 269 F.3d 673, 677 (6th Cir. 2001) (citing *DelCostello v. Int'l Bhd. Of Teamsters,* 462 U.S. 151, 169, 103 S. Ct. 2281, 76 L.Ed.2d 476 (1983)). A Plaintiff must sue on a hybrid claim within six months of knowing that the Union has abandoned their claim. *See, e.g. Wilson v. Int'l Bhd. Of Teamsters,* 83 F.3d 747, 757 (6th Cir. 1996) (holding that Plaintiffs are "not required to sue on a hybrid claim until . . .[they] reasonably should know that the Union has abandoned [their] claim." *Id.* at 257.

Here, Plaintiff's Complaint reveals that the Union abandoned her claim on or about March 17, 1998. Complaint, ¶ 12, ("On or about March 17, 1998, The Cincinnati Post, The Cincinnati Newspaper Guild, Local 9 and The Knoxville News Sentinel entered into a Settlement Agreement concerning the pension benefits of the Plaintiff.")

Plaintiff delayed filing this action for more than eight years despite knowledge that the Union abandoned her claim in 1998. Plaintiff cannot now argue that she has reasonably or with justification delayed filing a lawsuit concerning this matter for more than eight years. *See Noble v. Chrysler Motors Corp., Jeep Div.,* 32 F.3d 997, 1000 (6th Cir. 1994) ("[T]he determination of the accrual date is an objective one: "the asserted actual knowledge of the Plaintiffs is not determinative if they did not act as reasonable persons and, in effect, closed

their eyes to evident and objective facts concerning the accrual of their right sue."); *Martin*,

269 F.3d at 677 (detailing the legitimate finality interest of employers resulting in the six month

limitations period for hybrid claims).

### IV.  CONCLUSION

Accordingly, Plaintiff's claims are dismissed as time-barred.  The Court **GRANTS**

Defendants' Motion to Dismiss (Doc. 3).

IT IS SO ORDERED.


    s/Susan J. Dlott             

_                                       Susan J. Dlott
United States District Judge