IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Carmen Carter,                                    :
                                                  :
                    Plaintiff(s),                 :
                                                  :    Case Number: 1:07cv159
         vs.                                      :
                                                  :    District Judge Susan J. Dlott
Cincinnati Post, et al.,                          :
                                                  :    ORDER GRANTING MOTION
                    Defendant(s).                 :    TO DISMISS


This matter coming before the Court on Defendants The Cincinnati Newspaper Guild's

Motion to Dismiss (doc. 13), the Court having considered the Motion and all other pleadings and

papers relating thereto, the Court hereby GRANTS Defendant's Motion to Dismiss.

## I.  **FACTUAL BACKGROUND**

According to Plaintiff's Complaint, she is a former employee of the E.W. Scripps

Company, d/b/a The Cincinnati Post (collectively, "The Post").  Complaint, at ¶ 1.  She also

claims to have been represented by The Cincinnati Newspaper Guild ("Union") during her

employment with The Post.  *Id.* at ¶¶ 4, 8.

Plaintiff further alleges to be a third party-beneficiary to a collective bargaining

agreement ("CBA") between The Post and the Union concerning her pension benefits.  *Id.* at

¶¶ 2, 3, 12.  Plaintiff alleges that The Post breached the CBA by refusing to credit her for

service time at The Knoxville News Sentinel, a sister newspaper to The Post, also owned by

The E.W. Scripps Company, and thus, an entity referenced by the CBA.  *Id.* at ¶ 5, Exhibit A

to the Complaint.  Plaintiff also asserts a second cause of action against the Union for unfairly

representing her in connection with her breach of contract claim against The Post.  *Id.* at ¶ 14.

Plaintiff's Complaint reveals that she requested the Union to pursue the breach of contract claim against The Post on or about February 1, 1997.  *Id.* at ¶ 8.  Her Complaint acknowledges that on or about March 17, 1998, The Post and Plaintiff's Union entered into a settlement agreement concerning Plaintiff's pension benefits.  *Id.* at ¶ 12.  She complains that the Union breached its contract and unfairly represented her by entering into the settlement.  *Id.* at ¶ 14.  However, Plaintiff does not dispute that her cause of action accrued on or about March 17, 1998, the date upon which The Post and the Union entered into the settlement agreement, which date was more than eight years before she filed this action on January 26, 2007.

## II.  LEGAL STANDARD

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In reviewing a motion to dismiss, a court "must read all well-pleaded allegations of the complaint as true."  *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997) (citing *Bower v. Federal Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996)).  In addition, a court must construe all allegations in the light most favorable to the plaintiff.  *Bower*, 96 F.3d at 203 (citing *Sinay v. Lamson & Sessions*, 948 F.2d 1037, 1039 (6th Cir. 1991)).

The Supreme Court has recently explained "an accepted pleading standard" that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  *Bell Atlantic Corp. v. Twombly*, --- U.S.----, 127 S. Ct. 1955, 1969 (2007).  To withstand the dismissal motion, the complaint "does not need detailed factual allegations," but it must contain "more than labels and conclusions [or] a formulaic recitation of

2

the elements of a cause of action." *Twombly*, 127 S. Ct. at 1964-65. The complaint "must

contain either direct or inferential allegations with respect to all material elements necessary to

sustain a recovery under some viable legal theory." *Weiner*, 108 F.3d at 88 (citing *In re*

*DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)). "Factual allegations must be

enough to raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1965. The

Court does not require "heightened fact pleading of specifics, but only enough to state a claim
for

relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974.[1]

## III. ANALYSIS

Plaintiff's Complaint is a "hybrid suit," governed by Section 301 of the Labor

Management Relations Act, 29 U.S.C. § 185, because she alleges breach of her Union's CBA

with The Post and breach of the Union's duty of fair representation. *See Vencl v. Int'l Union of*

*Operating Eng'rs, Local* 18, 137 F.3d 420, 424 (6th Cir. 1998) (citation omitted). " A litigant's

decision to omit reference to Section 301 [in the Complaint] cannot serve to frustrate federal

preemption and policies in the area of labor law." *Samuels v. American Trust Corp.,* 588 F.

Supp. 225, 227 (M.D.N.C., 1984) quoting *Glaziers, Glass Workers v. Florida Glass,*

409 F. Supp. 225, 227 (M.D. Fla. 1976); *see also DeCoe v. General Motors Corp.,* 32 F.3d 212,

216 (6th Cir. 1994).

Plaintiff's lawsuit must be dismissed unless she can show both that the Post breached the

---

[1] The *Twombly* Court made it plain that courts should no longer use the language of
*Conley v. Gibson*, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to
state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support
of his claim that which would entitle him to relief," when evaluating whether a complaint can
withstand a dismissal motion. *Twombly*, 127 S. Ct. at 1968 (quoting *Conley*, 355 U.S. at 45-46).

CBA and that the Union breached its duty of fair representation. *Vencl,* 137 F.3d at 424. If Plaintiff cannot establish breach by both The Post and the Union, she cannot succeed against any defendant. *Id; see also, Bagsby v. Lewis Bros. Of Tennessee,* 820 F.2d 799, 801 (6th Cir. 1987). On May 31, 2007, the Court granted Defendants The Cincinnati Post and The E.W. Scripps Company's Motion to Dismiss Plaintiff's Complaint (doc. 10)**,** due to Plaintiff's failure to establish a claim of breach of the CBA against her employers. As a result, Plaintiff's claim of breach of the duty of fair representation under § 301 of the Fair Labor Relations Act against Defendant Cincinnati Newspaper Guild fails as a matter of law.

Furthermore, a six month statute of limitations applies to Plaintiff's hybrid § 301 action. *See Martin v. Lake County Sewer Co.,* 269 F.3d 673, 677 (6th Cir. 2001) (citing *DelCostello v. Int'l Bhd. Of Teamsters,* 462 U.S. 151, 169, 103 S. Ct. 2281, 76 L.Ed.2d 476 (1983)). A Plaintiff must sue on a hybrid claim within six months of knowing that the Union has abandoned their claim. *See, e.g. Wilson v. Int'l Bhd. Of Teamsters,* 83 F.3d 747, 757 (6th Cir. 1996) (holding that Plaintiffs are "not required to sue on a hybrid claim until . . .[they] reasonably should know that the Union has abandoned [their] claim.") *Id.* at 257.

Here, Plaintiff's Complaint reveals that the Union abandoned her claim on or about March 17, 1998. Complaint, ¶ 12, ("On or about March 17, 1998, The Cincinnati Post, The Cincinnati Newspaper Guild, Local 9 and The Knoxville News Sentinel entered into a Settlement Agreement concerning the pension benefits of the Plaintiff.")

Plaintiff delayed filing this action for more than eight years, despite knowledge that the Union abandoned her claim in 1998. Plaintiff cannot now argue that she has reasonably or with justification delayed filing a lawsuit concerning this matter for more than eight years. *See*

4

*Noble v. Chrysler Motors Corp., Jeep Div.,* 32 F.3d 997, 1000 (6th Cir. 1994) ("[T]he determination of the accrual date is an objective one: "the asserted actual knowledge of the Plaintiffs is not determinative if they did not act as reasonable persons and, in effect, closed their eyes to evident and objective facts concerning the accrual of their right to sue."); *Martin,* 269 F.3d at 677 (detailing the legitimate finality interest of employers resulting in the six month limitations period for hybrid claims). Even if this Court accepts as true that the Union concealed the settlement agreement from Plaintiff for "nearly three years," the statute of limitations would have commenced in 2002, when Plaintiff learned of the alleged unlawful act. (Doc. 14 at 4.) Yet five years passed between the time Plaintiff was, by her own admission, made aware of the settlement and the time at which this suit was filed. Even when viewing the facts in a light most favorable to Plaintiff, five years is well beyond the applicable six-month statute of limitations period.

Plaintiff further contends that the statute of limitations provision of the National Labor Relations Act, *29 U.S.C. § 160(b)*, is inapplicable to this case, as "the acts of the Defendant have created an actionable injury that continues beyond the expiration of the statute of limitation." (Doc. 14 at 2.) Plaintiff claims that the continuing violation doctrine is applicable, and should serve to equitably toll the statute of limitations and allow the suit at hand.

Under the continuing violation doctrine, the court can consider all relevant violations as timely, including those that would otherwise be barred by the statute of limitations. *National Parks Conservation Association v Tennessee Valley Authority*, 480 F.3d 410, 416 (6th Cir. 2007). The continuing violation doctrine is invoked when a plaintiff's injury continues beyond the statute of limitations period due to Defendant's unlawful behavior continuing beyond the

5

statute of limitations. *Noble*, 32 F.3d 997 at 1000. In *Noble*, the 6th Circuit distinguished continual injuries that are caused by a union's repeated discriminatory or unlawful acts from those continual injuries which result from "a particular instance in which, for example, the Union fail[s] to process a grievance. . ." *Noble,* 32 F.3d at 1000 (quoting *Lewis v. Local Union No. 100,* 750 F.2d 1368, 1379 (7th Cir.1984)). Only the former are actionable. *Id.*

Plaintiff mistakenly asserts that the continuance of the *injury* beyond the expiration of the statute of limitations gives rise to the continuing violation doctrine. Plaintiff contends that Cincinnati Newspaper Guild's single act of settlement with her employers has caused her injury to accrue over time, reducing the amount of pension fund investment earnings she will receive upon reaching retirement. Complaint, at ¶ 15. However it is the violation of the Defendant, not the injury of the Plaintiff, that must be continual in order for the continuing violation to apply. See *Village of Milford v. K-H Holding Corp*., 390 F.3d 296 (6th Cir. 2004) ("[A] continuing wrong is established by continuing tortious acts, not by continual harmful effects from an original, completed act."). Plaintiff does not allege that Cincinnati Newspaper Guild continues to act unlawfully, or at all, concerning Plaintiff's benefits. Thus the continuing violation doctrine does not apply.

### IV. CONCLUSION

Accordingly, Plaintiff's claims are dismissed as time-barred. The Court **GRANTS** Defendants' Motion to Dismiss (Doc. 3). This case is hereby closed.

IT IS SO ORDERED.

           ___s/Susan J. Dlott_____
           Susan J. Dlott
           United States District Judge